IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, DEKOVEN RIGGINS, RICHARD OSEI, and CHAD TYLER,<br><br>　　　　　Plaintiffs,<br><br>-vs-<br><br>FIRST UNITED BANK AND TRUST COMPANY, an Oklahoma Banking Corporation, d/b/a First United Bank,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. CIV-22-185-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

　　This action arises out of the claimed denial of a completed loan application to purchase a 160-unit apartment complex in Oklahoma City.  Plaintiffs, who are black and proceeding *pro se*, allege that defendant, an Oklahoma banking institution, discriminated against them based upon their race.  Plaintiffs allege discrimination claims against defendant under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*., the Fair Housing Act, 42 U.S.C. § 3601, *et seq*., and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

　　Defendant has moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss plaintiffs' discrimination claims under the Fair Housing Act (FHA).  Doc. no. 6.  According to defendant, plaintiffs fail to state a plausible claim for relief under the FHA.  Plaintiffs have responded, opposing dismissal.  Doc. no. 9.  Defendant has replied.  Doc. no. 12.  Upon due consideration, the court finds that defendant's motion should be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Defendant interprets plaintiffs' complaint as alleging discrimination claims under section 3604(a)-(b) and section 3605(a) of the FHA.[1] Defendant, however, asserts that these sections are inapplicable to plaintiffs' allegations because plaintiffs were seeking to finance the purchase of the apartment complex for commercial purposes, rather than for the purpose of residing in it. Defendant cites cases which have held that the FHA does not apply to a person who holds or seeks to purchase residential property as a commercial venture, does not reside or intend to reside on the property, and is not suing on behalf of protected class members who reside or would reside there. *See*, Germain v. M & T Bank Corp., 111 F. Supp. 3d 506, 521-524 (S.D.N.Y. 2015); Home Quest Mortg. LLC v. American Family Mut. Ins. Co., 340 F. Supp. 2d 1177, 1183-1188 (2004); Shaikh v. City of Chicago, Case No. 00 C 4235, 2001 WL 123784, at *4 (N.D. Ill. Feb. 13, 2001).

Upon review, the court agrees with defendant's cited cases. The court concludes that the FHA does not apply to the transaction alleged in plaintiffs' complaint since the purpose in applying for the loan was commercial, rather than residential,[2] the discrimination plaintiffs allege was directed at them as commercial applicants rather than at the prospective residents of the property and they do not sue on behalf of anyone in a protected class who intended to live in the apartment

---

[1] Plaintiffs do not dispute that interpretation.

[2] Plaintiffs specifically allege they "intended to purchase the property, invest in its remodeling and revitalization, and rent out the units to families in the community." Doc. no. 1, ¶ 7.

complex.[3][4] The court therefore concludes, based upon the cited cases, that dismissal of plaintiffs' FHA claims (Second Claim for Relief) is appropriate.[5]

In their response, plaintiffs request permission to amend the complaint "to correct any deficiencies the [c]ourt specifies." Doc. no. 9, ECF p. 8. Although plaintiffs state "[d]efendant [] erroneously believes that [p]laintiffs had no intention to reside in the property" and they "considered to reside in the dwelling under certain circumstances," *see*, ECF pp. 6, 8, it is not clear from these statements that each of the four plaintiffs actually intended to reside in the apartment complex that they sought to finance. Consequently, the court declines, at this particular time, to grant plaintiffs leave to amend their complaint to correct the deficiencies of the FHA claims.

In accordance with its general practice, the court, if requested by the parties, will include in the scheduling order for this case a deadline for the filing of motions to amend pleadings. Plaintiffs can file, within that deadline, a motion to amend the complaint in accordance with the Federal Rules of Civil Procedure and the court's Local Civil Rules, if appropriate.

---

[3] Under Tenth Circuit precedent, plaintiffs, who are proceeding *pro se*, cannot bring an action on behalf of other persons. *See*, Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claim of others.").

[4] The court rejects plaintiffs' standing argument. *See*, Shaikh, 2001WL 123784, at *4 ("[T]he issue in this case is more fundamental than whether [the plaintiff] has standing to sue under the FHA. Rather, the issue is whether the FHA even applies to prohibit interference with the sale of an apartment complex to a minority buyer who does not intend to live in the building."

[5] In reaching its ruling, the court is mindful to construe a *pro se* complaint liberally and to hold it to a less stringent standard than formal pleadings drafted by lawyers. Smith v. U.S., 561 F.3d 1090, 1096 (10th Cir. 2009). However, it is also mindful that it is not to supply additional factual allegations to round out a *pro se* plaintiff's complaint and that a *pro se* complaint may be dismissed for failure to allege sufficient facts. *Id.*

Accordingly, Defendant First United Bank and Trust Company's Partial Motion to Dismiss Plaintiffs' FHA Claims (doc. no. 6) is **GRANTED**.

Plaintiffs' claims under the Fair Housing Act (Second Claim for Relief) are **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P.

IT IS SO ORDERED this 21st day of April, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0185p001.docx