IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, DEKOVEN RIGGINS, RICHARD OSEI, and CHAD TYLER, and CDMR, LLC, an Oklahoma Limited Liability Company,<br><br>          Plaintiffs,<br><br>-vs-<br><br>FIRST UNITED BANK AND TRUST COMPANY, an Oklahoma Banking Corporation, d/b/a First United Bank,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-22-185-F<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

With leave of court, plaintiffs filed an amended complaint. *See*, doc no. 25. The amended pleading added CDMR LLC (CDMR) as a plaintiff. It also realleged various credit discrimination claims, including claims under the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq*., which the court had previously dismissed without prejudice. All of plaintiffs' claims arise from the claimed denial of a completed loan application to finance the purchase of a 160-unit apartment complex in Oklahoma City. According to plaintiffs, the loan application was denied because CDMR is owned and operated by four black individuals (the individual plaintiffs).

Defendant First United Bank and Trust Company d/b/a First United Bank has moved to partially dismiss the amended complaint under Rule 12(b)(6), Fed. R. Civ. P. *See*, doc. no. 26. Defendant seeks dismissal of plaintiffs' FHA claims and

plaintiffs' claims under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, *et seq*. In addition, defendant seeks dismissal of the individual plaintiffs' discrimination claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*.

FHA Claims

The FHA makes it unlawful to (1) "make unavailable or deny" a dwelling to any person; (2) discriminate against any person in the "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith" or (3) discriminate against any person in making available a "residential real estate-related transaction" – because of the person's "race [or] color." 42 U.S.C. § 3604(a)-(b) and § 3605(a). Upon motion by defendant, the court previously dismissed plaintiffs' FHA claims, determining that the statute did not apply to the alleged loan transaction "since the purpose in applying for the loan was commercial, rather than residential, the discrimination plaintiffs alleged was directed at them as commercial applicants rather than at the prospective residents of the property and they do not sue on behalf of anyone in a protected class who intended to live in the apartment complex." Doc. no. 13, ECF pp. 2-3 (footnotes omitted). Defendant argues that dismissal of the FHA claims is again appropriate because the loan transaction alleged in the amended complaint is the same as alleged in the original complaint and the new allegations in the amended complaint are inadequate

to show that plaintiffs are bringing the FHA claims on behalf of any protected class members.  Defendant argues that there are no allegations that its conduct was directed at any protected class members who would live in the apartment complex.  Rather, the new allegations indicate that defendant's conduct was only directed to plaintiffs who were purchasing the apartment complex as a commercial venture.

Upon review, the court concludes that plaintiffs have not alleged plausible FHA discrimination claims.  Plaintiffs cite the case of Home Quest Mortg. LLC v. American Family Mut. Ins. Co., 340 F. Supp.2d 1177 (D. Kan. 2004), and decisions therein discussed, in support of their FHA discrimination claims.  In Home Quest Mortg. LLC, the Kansas district court addressed the issue of whether "a person who owns residential property that constitutes a 'dwelling' under the FHA, but who owns that property as a commercial venture and does not reside or intend to reside in the dwelling, can assert an FHA discrimination claim with respect to the dwelling."  Id. at 1185.  The court concluded that an FHA claim could be asserted by the non-resident owner of property only if the person "is asserting that the defendant engaged in unlawful discrimination against a person or class of persons who reside or would reside in the dwelling absent the unlawful discrimination."  Id.  In the amended complaint, plaintiffs do not allege any facts to plausibly support an inference that defendant discriminated against any person or class of persons who was expected to be living in the apartment complex because of race or color.  Rather, plaintiffs make factual allegations that defendant discriminated against them in denying CMDR's loan application because of the race or color of the individual plaintiffs who own and operate the company.  And there are no factual allegations that any of individual plaintiffs intended to reside in the apartment complex.  Consequently, the court concludes that plaintiffs have failed to state plausible FHA claims against defendant. Id.; see also, Germain v. M&T Bank Corp., 111 F.Supp.3d 506, 522 (S.D.N.Y. 2015)

3

("Absent allegations that suggest defendant engaged in discrimination against the residents or intended residents of a property, courts have rejected the notion that a plaintiff may state a claim under the FHA for discrimination based on a commercial transaction."); *see also*, Mitchell v. Citizens Bank, No. 3:10-00569, 2011 WL 101688, *2 (M.D. Tenn. 2011) ("Plaintiff has failed to state a claim under the FHA because he owned the property as a commercial venture" and he "does not allege that Defendant discriminated against any tenants[.]"). Plaintiffs' FHA claims will therefore be dismissed without prejudice under Rule 12(b)(6).

ECOA Claims

The ECOA prohibits a lender from discriminating "against any applicant, with respect to any aspect of a credit transaction . . . on the basis of . . . race [or] color." 15 U.S.C. § 1691(a)(1). Defendant argues that the individual plaintiffs cannot seek relief under the ECOA because they were not applicants for the subject loan. According to the amended complaint, the individual plaintiffs were to be personal guarantors of the subject loan. The statute, defendant points out, defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit[.]" 15 U.S.C. § 1691a(b). It also points out that Regulation B, promulgated to implement the ECOA, defines "applicant" as "any person who requests or who has received an extension of credit from a creditor, and includes any person who is or may become contractually liable regarding an extension of credit. For purposes of § 1002.7(d), the term includes guarantors, endorsers and similar parties." 12 C.F.R. § 1002.2(e). Because CMDR is the party that applied for the subject loan and there are no factual allegations asserting a violation of 12 C.F.R. § 1002.7(d) (signature rules), defendant asserts that the individual plaintiffs, as guarantors of the subject loan, do not fall within the definition of "applicant." Hence,

defendant argues that the individual plaintiffs lack statutory standing to pursue their ECOA claims, and those claims must be dismissed under Rule 12(b)(6).

On a Rule 12(b)(6) motion to dismiss for lack of standing, plaintiffs must state facts sufficient to show their right to sue on the face of the complaint. *See*, Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003) ("For purposes of ruling on a motion to dismiss for want of standing, [the court] must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."); Niemi v. Lasshofer, 728 F.3d 1252, 1262 (10th Cir. 2013) (statutory standing is not jurisdictional). Accepting the factual allegations as true and construing the factual allegations in plaintiffs' favor, the court concludes that the individual plaintiffs have failed to establish their right to sue under the ECOA. The amended complaint alleges that the individual plaintiffs were to be personal guarantors of the subject loan. Although 12 C.F.R. § 1002.2(e) includes guarantors as an "applicant," it does so for purposes of § 1002.7(d). The amended complaint does not allege any facts demonstrating any violation of § 1002.7(d) by defendant. As a result, the court concludes that the individual plaintiffs, as proposed personal guarantors of the subject loan, have failed to demonstrate their standing to sue under the ECOA. Consequently, the court concludes that the individual plaintiffs' ECOA claims, which are based on their status as proposed personal guarantors, are subject to dismissal. *See*, *e.g.*, A.H. Employee Co., Ltd. v. Fifth Third Bank, No. 11 C 4586, 2012 WL 686704, * 7 (N.D. Ill. March 1, 2012). Thus, the individual plaintiffs' ECOA claims will be dismissed without prejudice under Rule 12(b)(6).

As to the ECOA claim alleged by CMDR, defendant contends that the factual allegations are insufficient to state a prima facie case of discrimination under the ECOA. Relying on Miller v. Legacy Bank, No. CIV-20-946-D, 2022 WL 1813913, at * 2 (W.D. Okla. June 2, 2022), defendant asserts that to state a prima facie case,

CMDR must allege facts establishing the following four elements: (1) it is a member of the protected class; (2) it applied for a loan; (3) the loan application was rejected despite CMDR's qualifications; and (4) defendant continued to approve loans for applicants with qualifications similar to CMDR. Defendant argues that the amended complaint fails to allege sufficient facts to demonstrate the fourth element. Specifically, it argues the pleading does not allege sufficient facts to show that defendant approved loans for applicants with qualifications similar to CMDR "in all material respects." Doc. no. 26, ECF p. 17. But the court notes that in Matthiesen v. Banc One Mortg. Corp., 173 F.3d 1242 (10th Cir. 1999), the Tenth Circuit, in addressing an ECOA claim, articulated a different prima facie case. According to the Tenth Circuit, to state a prima facie case, a plaintiff must show "(1) [it] is a member of a protected class; (2) [it] applied for a loan from [the bank]; (3) [it] was qualified for the loan; and (4) despite being qualified [its] loan application was denied." Id. at 1246; see also, Duran v. Community First Bankshares, Inc., 92 Fed. Appx. 756, 760 n. 1 (10th Cir. 2004) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Taking the factual allegations in the amended complaint as true and viewing them in a light most favorable to CMDR, the court concludes that the factual allegations are sufficient to establish the prima facie case articulated by the Tenth Circuit. Therefore, the court concludes that dismissal of CMDR's ECOA claim under Rule 12(b)(6) is not appropriate.

42 U.S.C. § 1981 Claims

As with the ECOA claims, defendant argues that the individual plaintiffs lack statutory standing to pursue their § 1981 claims. Defendant contends that the individual plaintiffs were not parties to the loan application or to the purchase contract for the apartment complex. Instead, the individual plaintiffs were proposed

personal guarantors of the proposed loan.  Therefore, defendant maintains that the individual plaintiffs cannot pursue claims under § 1981.  The court agrees.

Section 1981 prohibits racial discrimination in the making and enforcing of contracts.  42 U.S.C. § 1981(a).  The statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. 1981(b).  In Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006), the Supreme Court clarified that "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing relationship, *so long as the plaintiff has or would have rights under the existing or proposed contractual relationship*."  Id. at 476 (emphasis added).  The Court held that "a plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"  Id. at 479-480.  According to the Court, "[s]ection 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone's else's."  Id.

In this case, the alleged proposed contractual relationship is the subject loan between CMDR and defendant.  The amended complaint does not identify any injuries flowing from any alleged racially motivated breach of the individual plaintiffs' contractual relationship with defendant.  It has only identified injuries flowing from the alleged racially motivated breach of CMDR's proposed contractual relationship with defendant.  As a result, the court concludes that the amended complaint fails to demonstrate that plaintiffs have statutory standing to bring § 1981 claims against defendant.  Therefore, the court concludes that dismissal without prejudice of the individual plaintiffs' § 1981 claims under Rule 12(b)(6) is warranted.

Conclusion

For the reasons stated, Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint (doc. no. 26) is **GRANTED in part** and **DENIED in part**. All plaintiffs' claims under the Fair Housing Act and the individual plaintiffs' claims under the Equal Opportunity Credit Act and 42 U.S.C. § 1981 are **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6), Fed. R. Civ. P.  CMDR's claim under the Equal Opportunity Credit Act, along with its claim under 42 U.S.C. § 1981, remains pending.

IT IS SO ORDERED this 12th day of September, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0185p005.docx