IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MARQUISE MILLER, DEKOVEN RIGGINS )
RICHARD OSEI, CHAD TYLER, AND )
CDMR, LLC, an Oklahoma Limited )
Liability Company )
)
    Plaintiffs, )
v. ) Case No. CIV-22-185-F
)
FIRST UNITED BANK AND TRUST )
COMPANY, an Oklahoma Banking )
Corporation, d/b/a/ First United Bank, )
)
    Defendant. )

FILED
APR 04 2023
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ DEPUTY

## PLAINTIFFS' CHAD TYLER, DEKOVEN RIGGINS, RICHARD OSEI AND MARQUISE MILLER NOTICE OF APPEAL

PLAINTIFFS' CHAD TYLER, DEKOVEN RIGGINS, RICHARD OSEI AND

MARQUISE MILLER hereby appeal to the United States Court of Appeals for the Tenth

Circuit from the final judgment entered in this action regarding the pro se plaintiffs on

March 8, 2023 seen in docket number 58. Chad Tyler, Dekoven Riggins, Richard Osei,

and Marquise Miller refer to themselves as "Former Plaintiffs."

    **A. This legal brief contains the necessary verbiage to obtain an appeal**

"An appeal must not be dismissed for informality of form or title of the notice of appeal." Fed.R.App.P. 3(c)(4). A filing that is "technically at variance with the letter of [Rule 3]" satisfies the rule if it is the "functional equivalent of what the rule requires." Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (quotation omitted). A document is the functional equivalent of a notice of appeal if it contains the three elements of notice required by Rule 3(c). See United States v. Smith, 182 F.3d 733, 735 (10th Cir. 1999). Rule 3(c) requires that a notice of appeal specify (1**) the party taking the appeal, (2) the order being appealed, and (3) the name of the court to which the**

**appeal is taken. Fed.R.App.P. 3(c)(1).** The purpose of Rule 3(c)'s requirements is to provide all parties and the court with sufficient notice of a litigant's intent to seek appellate review. Barry, 502 U.S. at 248, 112 S.Ct. 678.

"We also think that the term "notice" ordinarily is broadly viewed as a statement of information that is communicated. See Black's Law Dictionary 1061 (6th ed. 1990). **Black's defines "notice of appeal" as "[a] document giving notice of an intention to appeal**." Id. at 1062. A notice of appeal, then, is plainly a form of notice. In any event, we are convinced that a notice to initiate an appeal is a "similar act" to pleadings and notices as those terms are commonly used. (Autoskill v. National Educ. Support Systems 994 F.2d 1476 (10th Cir. 1993)."

**B. This Honorable Court has refused to allow former plaintiffs to amend complaint because of its conclusion that pro se litigants have created a moving target, therefore former plaintiffs respectfully file this notice of appeal.**

"In applying this rule, however, this court takes a practical approach and does not rely upon the precise language that the district court used in its dismissal order, but instead "look[s] of the substance and objective intent of the district court's order." Id. at 449. **This court has recognized that where the district court dismisses because of a defect that "cannot be cured through an amendment to the complaint, that dismissal . . . is for practical purposes" a dismissal of the entire action and is therefore final and appealable.** Id. at 450-51. If the district court's decision is ambiguous, this court also looks to "whether the district court's order evidences an intent to extinguish the plaintiff's cause of action and whether the plaintiff has been effectively excluded from federal court under the present circumstances. If so, then our appellate jurisdiction is proper." Id. at 450 (quotations, citations, alterations omitted); see also id. at 451. (B. Willis, C.P.A., Inc. v. BNSF Railway Corp. 531 F.3d 1282 (10th Cir. 2008)."

"Because pro se litigants **must be given** "reasonable opportunity to remedy the defects" in their pleadings, they should be given an opportunity to amend unless doing so would be futile. Hall v. Bellmon, 935 F.2d 1106, 1110, n 3 (10th Cir. 1991). Priestley v. Priestley No. CIV-12-323-D (W.D. Okla. Jan. 30, 2013)."

It appears that none of the case law regarding moving targets as it relates to pleadings in the 10th Circuit Court of Appeals involve pro se litigants, because pro se litigants are allowed liberal construction. Pro se litigants cannot be held to the same standard as attorneys. Additionally, the motion to alter or amend judgment explains how the 10th Circuit Court of Appeals has ruled that the role of guarantor can be moving but this Court

did not consider nor address any of that in the order denying the motion. This Court did not realize that the 10th Circuit Court of Appeals neutralizes what this Court deems as a contradiction.  The 10th Circuit Court of Appeals makes it abundantly clear that a guarantor can move from the place of functioning as a guarantor and can perform as the principal and cites in regard:

"**A surety like a guarantor can perform in the place of the principal**.   Wyoming Construction Co. v. W. Cas. S. Co. 275 F.2d 97 (10th Cir. 1960) This is not an action by an obligee to collect from a surety. Rather, it is an action by a surety which has performed in the place of its principal and which seeks to collect from its principal under a written contract of indemnity. That contract authorized the surety "to consent, from time to time, to any extensions, modifications, changes or alterations of, or additions to, said contract, * * *." While no formal written consent was executed, the conduct of Western is consistent only with consent to the extensions. (Wyoming Construction Co. v. W. Cas. S. Co.275 F.2d 97 (10th Cir. 1960)."

But this Court has ruled that this is a contradiction, wrongfully assuming that a guarantor cannot "move" from one role into another role, which is in clear contradiction with conclusions of the 10th Circuit Court of Appeals. Additionally, this Honorable Court's decision to refuse former plaintiffs the opportunity to amend their complaint denied them the opportunity to be heard on a civil rights matter, and 10th Circuit Court of Appeals has ruled in regards of the importance of the matter presented and cites:

"As did the district court, **we recognize the importance of allowing a pro se plaintiff in a civil rights matter to be heard.** Cook v. Watkins 312 F. App'x 112 (10th Cir. 2009)."

**C. The 10th Circuit Court of Appeals concluded that even if this Court believed that former plaintiffs should have been sanctioned, this notice of appeal does not qualify former plaintiff's for sanctions.**

"Thus, plaintiffs might have articulated nonfrivolous claims in district court, but did not do so. On appeal they did a somewhat better job, and the briefs and arguments on the duress and whistleblowing issues, though poorly done, cannot, considered by themselves, be deemed frivolous. **We decline to hold that an appeal is frivolous per se if the presentation of the issues in district court was bad enough to be sanctionable. Such a draconian rule would make sanctions available in nearly every appeal of a case dismissed for failure to state a claim, unless the appellant is successful.** This would constitute too great a chill of advocacy. Therefore, we hold that sanctions are not proper here for the appeal on the duress and whistleblowing issues. (White v. General Motors Corp., Inc. 908 F.2d 669 (10th Cir. 1990)."

## CONCLUSION

Former Plaintiffs greatly respect this Honorable Court, and file this notice of appeal with a great deal of hesitation because it is not their goal to upset this Court. Their only goal is to obtain justice and they believe the 10th Circuit Court of Appeals has made clear rulings on these issues in their case that are in stark contrast with this Honorable Court's rulings. Wherefore, Former Plaintiffs move this Honorable Court to accept this notice of appeal.

Marquise Miller, *Pro Se*
1505 N.W. 179th Terrace
Edmond OK 73012
405-315-7825
wonderfullymadefoundationmm@gmail.com

Dr. Dekoven Riggins, *Pro Se*
5200 Strait Dr.
Oklahoma City, OK, 73121
Telephone: (405) 412-8855
Driggins5@gmail.com

*[signature]*

Chad Tyler, *Pro Se*
16930 SW 27th St.
El Reno, OK 73036
(832)-216-3446
crtcpallc@gmail.com

*[signature]*

Dr. Richard Osei, *Pro Se*
5421 NE Grand Blvd
Oklahoma City, OK 73111
630-864-9643
oseirichard1@yahoo.coM

## CERTIFICATE OF SERVICE

We hereby certify that on the 4th day of April 2023, that this document was filed with Clerk of the court and the Clerk of the Court will electronically transmit this motion using the ECF System for filing based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the ECF registrants.

Mr. Spencer F. Smith, Attorney, OBA#20430
Mr. Gatlin C. Squires, Attorney, OBA#34795
McAfee & Taft, P.C.
8th Floor, Two Leadership Square
211 N Robinson
Oklahoma City, OK 73102
(405) 270-6012 Telephone
(405) 270-7212 Facsimile
Spencer.smith@mcafeetaft.com
Gatlin.squires@mcafeetaft.com

\Michael P. Rogalin, OBA#771

Michael Paul Rogalin, Lawyer, P.C.
228 Robert S. Kerr, Suite 950
Oklahoma City, OK 73102
(405) 236-0509 Telephone
(405) 319-0025 Facsimile
Lawyer1980@aol.com E-mail

*[signature]*

Marquise Miller, *Pro Se*
1505 N.W. 179th Terrace
Edmond OK 73012
405-315-7825
wonderfullymadefoundationmm@gmail.com

*[signature]*

Dr. Dekoven Riggins, *Pro Se*
5200 Strait Dr.
Oklahoma City, OK, 73121
Telephone: (405) 412-8855
Driggins5@gmail.com

*[signature]*

Chad Tyler, *Pro Se*
16930 SW 27th St.
El Reno, OK 73036
(832)-216-3446
crtcpallc@gmail.com

*[signature]*

Dr. Richard Osei, *Pro Se*
5421 NE Grand Blvd
Oklahoma City, OK 73111
630-864-9643
oseirichard1@yahoo.com